UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61944-CIV-ALTONAGA

**ARIEL VALERO**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

## ORDER

**THIS CAUSE** came before the Court on *pro se* Movant, Ariel Valero's Motion Under 28 U.S.C. [section] 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1], filed on October 12, 2024.[1] Movant challenges the constitutionality of his federal conviction and sentence in case number 23-cr-60020. (*See* Mot. 1). Respondent filed a Response [ECF No. 9]. The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is denied.

### I. BACKGROUND

On January 26, 2023, Movant was charged by Indictment with one count of bank robbery, in violation of 18 U.S.C. section 2113(a) ("Count 1"); and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. section 924(c)(1)(A)(ii) ("Count 2").

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

(*See* Indictment [CR ECF No. 5] 1–2).[2] At Movant's initial appearance and arraignment, Movant entered a plea of not guilty and demanded a jury trial. (*See generally* Feb. 24, 2023 Min. Order [CR ECF No. 9]). The Court appointed the Federal Public Defender, and Daniel Ecarius was assigned to represent Movant in his criminal case. (*See* Notice of Assignment [CR ECF No. 11] 1).

In a March 2023 status conference, Movant expressed that he was dissatisfied with Ecarius's representation for three reasons. (*See* Resp., Ex. A, Mar. 31, 2023 Status Conf. Tr. [ECF No. 9-1] 1–2). *First*, Movant had "some concerns about" being represented by "counsel who [did] not speak Spanish[.]" (*Id.* 4:3–4 (alterations added)). Ecarius explained his meetings with Movant were joined by an interpreter, whom Movant "had no problems understanding" (*id.* 4:14–15), but Movant "demanded a Spanish-speaking attorney because he want[ed] someone to be able to speak to his wife" (*id.* 4:16–18 (alteration added)).[3] *Second*, Movant asserted Ecarius never "brought [him] the discovery" in his case, despite Movant's request to see "all the evidence[.]" (*Id.* 5:19 (alterations added)). Ecarius maintained that Movant's accusation was "completely untrue" (*id.* 6:17), as Ecarius had "shared the discovery" with Movant and "discussed it with him at length

---

[2] References to docket entries in Movant's criminal case, Case No. 17-60020-CR-ALTONAGA, are denoted with "CR ECF No." The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[3] A Spanish interpreter was also present at each of Movant's in-court proceedings. (*See* Feb. 24, 2023 Min. Order, Initial Appearance [CR ECF No. 9]; Mar. 31, 2023 Min. Entry, Status Conf. [CR ECF No. 14]; Apr. 25, 2023 Min. Entry, Pretrial Conf. [CR ECF No. 20]; May 8, 2023 Min. Entry, Jury Trial [CR ECF No. 26]; May 9, 2023 Min. Entry, Jury Trial [CR ECF No. 27]; July 18, 2023 Min. Entry, Sent. [CR ECF No. 38]).

with the Spanish interpreter" (*id.* 6:4–7). *Third*, Movant disapproved of Ecarius's persistent advice that he plead guilty rather than proceed to trial.[4] (*See id.* 4:21–25).

After considering Movant's grievances and Ecarius's explanations, the Court determined Movant's accounts were not "truthful" (*id.* 6:25) and informed Movant it would "not appoint[] new counsel to represent him simply because he want[ed] to speak to a lawyer in Spanish and/or d[id] not like the advice [he was] receiving from his attorney" (*id.* 11:3–5 (alterations added)).

Movant proceeded to trial on May 8, 2023. As to Count 1, the Government introduced video footage of a bank robbery committed by a masked man, whom several corroborating eyewitnesses described matched Movant's physical appearance. (*See* Trial Tr. [CR ECF No. 49] 189:2–14; Resp. 2). Notably, a forensic examiner testified that the DNA procured from the robber's bicycle was "54 sextillion times more likely" to belong to Movant "than anyone else." (*Id.* 190:23–24). Moreover, the evidence showed Movant quickly "moved to Arizona" after learning authorities tested his DNA in connection with the robbery. (*Id.* 192:2–3). As to Count 2, the Government "presented multiple witnesses" who testified the robber "carried a gun[,]" including an employee who testified the robber demanded money as he "pointed [a] gun at the bank teller[.]" (Resp. 3 (alterations added; citation omitted); *see also* Trial Tr. 199:22–25 (reciting testimony of "three individuals" who saw "a man, fully clothed, holding a gun, pointing at them, demanding money")).

The jury found Movant guilty of both Counts in the Indictment. (*See* Verdict [CR ECF No. 29] 1–2). At Movant's sentencing, Movant had "no objections" to the advisory sentencing guidelines range proposed in the Presentence Investigation Report. (Sent. Hr'g Tr. [CR ECF No.

---

[4] The ensuing discussion about Movant's reluctance to plead guilty over his counsel's advice that he do so took place outside the Government's presence and was redacted from the transcript. (*See* Resp., Ex. A, Mar. 31, 2023 Status Conf. Tr. 7–10).

47] 4:20). The Court sentenced Movant to 134 months' imprisonment, "consist[ing] of 50 months as to Count 1, and a consecutive term of 84 months as to Count 2" (J. [CR ECF No. 39] 2 (alteration added)); followed by a five-year term of supervised release (*see id.* 3).

Movant appealed. (*See* Not. of Appeal [CR ECF No. 40] 1). Movant's *only* argument on appeal was that "[t]he evidence was insufficient to sustain [Movant]'s conviction for armed robbery, and brandishing a firearm in furtherance of a crime of violence." (*United States v. Valero*, No. 23-12510, 2024 WL 2992506, Brief of the Appellant [ECF No. 23] filed Jan. 16, 2024 (11th Cir. 2024), 16 (alterations added)). The United States Court of Appeals for the Eleventh Circuit affirmed Movant's conviction, explaining that "reasonable inferences support the jury's guilty verdict on both counts." (*Id.*, Op. [ECF No. 35-1] 5).

In his section 2255 Motion, Movant raises four grounds for habeas relief: (1) Movant's counsel was "ineffective" throughout his prosecution (Mot. 4); (2) Movant's "due process rights" were violated when the Court denied his request for new counsel (*id.* 5); (3) there was "insufficient evidence to convict Movant[,]" and Movant's "total sentence was substantively and procedurally unreasonable" (*id.* 7 (alteration added)); and (4) Movant was denied "due process" because he "was not properly advised in his native language" of Spanish (*id.* 8).

## II. LEGAL STANDARDS

**Section 2255**. Under section 2255, a prisoner who claims his sentence was imposed in violation of the Constitution may move the court that imposed the sentence to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under section 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (citations omitted). A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the

Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011) (citation omitted).

*Procedural Default*. As a general matter, if a criminal defendant could have raised a challenge to a conviction or sentence on direct appeal but failed to do so, the defendant is barred from raising the challenge in a section 2255 proceeding. *See Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A habeas petitioner can avoid the application of this default rule by establishing cause for failing to properly raise the claim and actual prejudice resulting from the alleged constitutional violation. *See Murray v. Carrier*, 477 U.S. 478, 485–86 (1986) (citations omitted).

"[T]o show cause, the procedural default 'must result from some objective factor external to the defense that prevented [the movant] from raising the claim and which cannot be fairly attributable to his own conduct.'" *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (alterations added; quoting *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992)). A meritorious claim of ineffective assistance of counsel can constitute sufficient cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). To show prejudice, a petitioner must demonstrate actual prejudice resulting from the alleged constitutional violation. *See United States v. Frady*, 456 U.S. 152, 168 (1982).

If a movant is unable to establish cause and prejudice, he may obtain collateral review of a procedurally defaulted claim if, under exceptional circumstances, such review is necessary to correct a fundamental miscarriage of justice, or "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495–96. The actual-innocence exception is "exceedingly narrow in scope" and requires proof of actual

innocence, not just legal innocence. *Id*. at 496; *see also Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (emphasizing that "the miscarriage of justice exception is concerned with actual as compared to legal innocence" (citation omitted)).

***Procedural Bar***.  When a defendant previously raised an argument on direct appeal and a court rejected the argument, the defendant cannot assert that argument in a section 2255 application. *See Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (collecting cases). "A defendant can overcome a procedural bar when . . . there is an intervening change in law." *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) (alteration added); *see also Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012) (noting that "[a]t least where there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a [section] 2255 proceeding" (alterations added)).

### III.  DISCUSSION

**A.  <u>Ground One</u>**

Movant claims he "was subject[ed] to ineffective or deficient assistance of counsel in a criminal prosecution," and his counsel's performance "[fell] below [that of] a regular lawyer in prejudice to Movant." (Mot. 4 (alterations added)).  These arguments fail to persuade.  Movant alleges no facts showing he was prejudiced by his counsel's performance. "Conclusory allegations unsupported by specifics regarding ineffective-assistance-of-counsel claims are insufficient to warrant [section] 2255 relief." *Delva v. United States*, 851 F. App'x 148, 155 (11th Cir. 2021) (alteration added; citing *Rosin v. United States*, 786 F.3d 873, 879 (11th Cir. 2015)); *see also Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (explaining a habeas petition must contain "factual and specific" rather than "conclusory" allegations to warrant relief).

6

### B. Ground Two

Next, Movant claims the Court denied him "due process" when it refused to grant his request for appointment of new counsel. (Mot. 5). In support of this ground, Movant alleges his trial attorney "did not believe in Movant's innocence" — presumably reflected in counsel's repeated efforts to persuade Movant to plead guilty — which created a "conflict" with Movant. (*Id.*). Movant further alleges his counsel was "unprepared" to "address the Court" or answer Movant's questions. (*Id.*).

Movant did not raise this argument on direct appeal (*see generally Valero*, No. 23-12510, Brief of the Appellant), so the procedural-default rule applies.[5] Movant is thus barred from asserting this ground in his section 2255 motion unless he establishes cause and prejudice or the actual-innocence exception. *See Murray*, 477 U.S. at 485–86, 495–96.

Movant's only explanation for failing to raise this claim on direct appeal reads: "Newly discovered evidence and Movant was unaware." (Mot. 6). Movant's conclusory references to "innocence" and "[n]ewly discovered evidence" do not show a fundamental miscarriage of justice that would establish the actual-innocence exception.[6] (*Id.* (alteration added)). To satisfy the exception, a movant must make "a showing of 'new reliable evidence . . . not presented at trial.'" *McKinney v. Bolling*, No. 17-cv-713, 2020 WL 4530614, at *10 (N.D. Ala. Aug. 6, 2020)

---

[5] A defendant may, on direct appeal of his conviction and sentence, challenge a district court's denial of his request for appointment of new counsel. *See, e.g.*, *United States v. Anthony*, 609 F. App'x 987, 989 (11th Cir. 2015) (reviewing a "district court's denial of a motion for new counsel for an abuse of discretion" and considering the motion's timeliness, the court's inquiry into the motion's merits, and the gravity of the alleged conflict between the defendant and his counsel (citing *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997))).

[6] Mindful of the need to construe *pro se* filings liberally, *see Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) (citation omitted), the Court interprets Movant's references to "innocence" (Mot. 5) as an attempt to invoke the actual-innocence exception to the procedural-default rule.

(alteration original; quoting *House v. Bell*, 547 U.S. 518, 537 (2006)); *see also Schulp v. Delo*, 513 U.S. 298, 316 (1995) (holding "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim" (alteration added)). Movant does not make that showing. (*See generally* Mot.).

"Under the cause and prejudice exception, a [section] 2255 movant can avoid application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error.'" *McKay*, 657 F.3d at 1196 (first alteration added; quotation omitted). Movant has not proffered facts demonstrating his counsel's ineffectiveness for failing to raise this ground on appeal. (*See generally* Mot.; *Geter v. United States*, 534 F. App'x 831, 835 (11th Cir. 2013) (considering whether a movant could overcome procedural default where the movant asserted "his appellate counsel's ineffective assistance" for failing to raise a defaulted claim on direct appeal). Movant has shown neither cause nor prejudice to avoid default. *See Nyhuis*, 211 F.3d at 1344. Therefore, Movant's second ground is procedurally defaulted.

In any event, Movant's argument is untenable. Absent good cause, a criminal defendant does not have a "right to . . . demand a different appointed lawyer." *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973) (alteration added; citation omitted). Good cause means that the defendant received "ineffective assistance of counsel[.]" *United States v. Smith*, No. 20-12609, 2023 WL 1860518, at *8 n.11 (11th Cir. Feb. 9, 2023) (alteration added; citation omitted); *see also United States v. Jimenez-Antunez*, 820 F.3d 1267, 1271 (11th Cir. 2016) (explaining the good cause exception "protects the right to effective assistance of counsel"). While Movant argues that his attorney created a conflict by questioning his innocence (*see* Mot. 5), Movant's "general loss of confidence or trust in his counsel, standing alone, is not sufficient" to demonstrate good cause,

*Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985). Movant's second ground thus fails on the merits.

### C. Ground Three

Movant's third ground consists of two arguments. First, Movant alleges there was "insufficient evidence" to support his conviction "beyond any reasonable doubts[.]" (Mot. 7 (alteration added)). Second, Movant asserts that his "total sentence was substantively and procedurally unreasonable[.]" (*Id.* (alteration added)). Both arguments fail.

To begin, Movant's first argument is procedurally barred. Movant raised this very claim — that the evidence presented at his trial was insufficient to convict him — on direct appeal. (*See Valero*, No. 23-12510, Brief of the Appellant 16). The Eleventh Circuit rejected Movant's challenge, holding the evidence at his trial supported the jury's guilty verdicts on both Counts. (*See id.*, Op. 5). Because Movant's first argument has already been adjudicated and denied on appeal, he is barred from raising it on collateral review. *See Nyhuis*, 211 F.3d at 1343. Movant has not asserted an intervening change in controlling law to overcome the procedural bar.

As to Movant's second argument, the procedural-default rule applies. Movant contends his sentence was "unreasonable" because it was "greater than necessary to serve as effective punishment[,]" and the Court "did not provide adequate justification to support" the sentence it imposed. (Mot. 7 (alteration added)). Movant alleges he raised this issue on appeal. (*See id.*). He did not. (*See generally Valero*, No. 23-12510, Brief of the Appellant). As with Ground Two, Movant's factually unsupported reference to "[n]ewly discovered evidence" does not meet an exception to the procedural-default rule. (Mot. 8 (alteration added)).

### D. Ground Four

Lastly, Movant states that the Court denied him "due process" because he "was not properly advised in his native language[,]" despite Movant's request "to have a lawyer" with whom "he could communicate." (*Id.* (alteration added)). The procedural-default rule precludes this argument because Movant did not raise it on direct appeal. (*See generally Valero*, No. 23-12510, Brief of the Appellant).

Even if the Court could consider the argument, it would not establish a right to habeas relief, because "the record refutes [Movant's] factual allegations[.]" *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (alterations added). Movant had the benefit of an interpreter at his meetings with his lawyer. (*See* March 31, 2023 Status Conf. Tr. 4:14–15). In Movant's March 2023 status conference, Movant's lawyer explained Movant "had no problems understanding" the interpreter (*id.*), and Movant did not disagree (*see generally id.*). Further, court-approved Spanish interpreters were present at Movant's initial appearance, status conference, pretrial conference, two-day jury trial, and sentencing hearing. Therefore, Movant's fourth ground also fails.

### E. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the movant "to establish the need for an evidentiary hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011) (citations and quotation marks omitted). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro*, 550 U.S. at 474 (alteration added; citation omitted). Here, the issues presented can be resolved based on the record. Since Movant's claims can be addressed "without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003) (alteration added).

### F. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (alteration added). "Where a district court has rejected [a Movant's] constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: The [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (alterations added). Since reasonable jurists would not find the Court's assessment of Movant's claims debatable, Movant does not satisfy this burden. Thus, the Court does not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Movant, Ariel Valero's Motion Under 28 U.S.C. [section] 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[ECF No. 1]** is **DENIED**.

2. A *certificate of appealability* is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Movant is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Miami, Florida, this 5th day of February, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**